IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA M. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:18-CV-784-WKW |
| | ) | |
| OFFICER SULLIVAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Latoya M. Jackson, an indigent county inmate, against Officer Sullivan, an employee of the Valley Police Department. Doc. 1 at 1. In this case, Jackson complains that Officer Sullivan made racially derogatory comments in his presence.[1] He names Sullivan, the City of Valley and the Valley Police Department as defendants. Jackson seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights. Doc. 1 at 2.

Upon thorough review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

[1]Jackson maintains Sullivan told a joke referencing "porch monkeys and coons" while transporting him to the Chambers County Detention Facility. Doc. 1-1 at 1.

[2]This court granted Jackson leave to proceed *in forma pauperis*. Doc. 3. A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein

## II. DISCUSSION

### A. The Valley Police Department

Although Jackson names the Valley Police Department as a defendant, this department is not a legal entity subject to suit or liability. *See Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."). *Clay-Brown v. City of Decatur*, 2013 WL 832315, *2 (N.D. Ala. Feb. 28, 2013 ("Under Alabama law, only a municipality itself has the capacity to sue and be sued, as opposed to agencies, departments or divisions of the municipality."). Thus, the court finds that the claims presented against the Valley Police Department are subject to summary dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) since this defendant is not a suable entity. *Howard v. City of Demopolis*, 984 F. Supp.2d 1245, 1253 (S.D. Ala. 2013) (noting previous determination "that police departments are not a proper legal entity capable of being sued."); *Manning v. Mason*, 2011 WL 1832539, *3 (M.D. Ala. May 13, 2011) (citations omitted) (finding "that a law enforcement department is not a legal entity capable of being sued. Accordingly, as it is not subject to suit, Plaintiffs' claims against [the] Enterprise Police Department are due to be dismissed with prejudice."); *Blunt v. Tomlinson*, 2009 WL 921093, *4 (S.D. Ala. Apr. 1, 2009) ("In Alabama, a city's police department is not a suable entity or a proper party under state law or for § 1983

---

are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

purposes."); *Johnson v. Andalusia Police Dept*., 633 F. Supp.2d 1289, 1301 (M.D. Ala. 2009) (finding that Plaintiff's "claims against the Andalusia Police Department must fail because police departments are generally not considered legal entities subject to suit.").

**B. Racially Derogatory Language**

Jackson asserts that on August 17, 2018 during his transport to the Chambers County Detention Facility, defendant Sullivan used "racially motivated comments and epithets" towards him "[a]s part of a race-baiting tactic to elicit a response[.]" Doc. 1 at 1. Jackson explains he eventually responded to Sullivan by making disparaging remarks about Sullivan and Sullivan's wife and then stating: "If I had the chance I would kick off in his ass." Doc. 1-1 at 3. Jackson advises this exchange resulted in an additional charge against him for "making terroristic threats toward a police officer." Doc. 1 at 1.

To state a claim for relief which is cognizable in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). Derogatory, demeaning, racially charged, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in a § 1983 action. *See Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (noting that mere verbal taunts or threats, despite their distressing nature, directed at an inmate by jailers do not violate the inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3rd

Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (holding that district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (holding that verbal abuse, even if racially or ethnically motivated, does not give rise to a cause of action under § 1983); *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (holding that mere threats, even to inmate's life, made by guard do not satisfy the objective component of the Eighth Amendment as threats and harassment are "necessarily excluded from the cruel and unusual punishment inquiry[.]"); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (holding that "alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment trivialized by assertion that mere threat constitutes a constitutional wrong); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983). Consequently, the claim presented by Jackson challenging defendant Sullivan's use of racially insensitive and demeaning language does not implicate any violation of the Constitution. Jackson's claim against Sullivan and the City of Valley are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

On or before **September 25, 2018**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 11th day of September, 2018.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE