IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LATOYA M. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-784-WKW |
| | ) | [WO] |
| OFFICER SULLIVAN; CITY OF | ) | |
| VALLEY; and VALLEY POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Plaintiff Latoya M. Jackson, an indigent inmate, alleges that a police officer mistreated him. (Doc. # 1.) The Magistrate Judge recommended dismissing the complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). (Doc. # 4.) Jackson filed objections. (Doc. # 5.) The court has reviewed *de novo* those portions of the Recommendation to which Jackson objected. *See* 28 U.S.C. § 636(b). The Recommendation is due to be adopted as modified below.

Jackson named the Valley Police Department as a defendant. But "police departments are generally not considered legal entities subject to suit." *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) (citing *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992)). In other words, Jackson sued an entity that is not capable of being sued. *See Ex parte Dixon*, 55 So. 3d 1171, 1172

n.1 (Ala. 2010). So his claims against the Valley Police Department are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Jackson's claims against Officer Sullivan and the City of Valley are not necessarily frivolous. But these claims must still be dismissed if Jackson "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Jackson alleges that Officer Sullivan used "racially motivated comments and epithets" as part of a "race-baiting tactic." (Doc. # 1, at 1.) Racially derogatory comments and epithets are unprofessional and repugnant, but derogatory words alone do not violate the Constitution. *See, e.g.*, *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). As a result, these claims are due to be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, Jackson alleges that while riding in Officer Sullivan's patrol car, Officer Sullivan "slammed the . . . brakes, sending [Jackson] head-first into the protective partition." (Doc. # 1-1, at 3.) The Recommendation did not address that allegation, but neither did Jackson's objections. (*See* Docs. # 4, 5.) Still, to the extent that Jackson is alleging that Officer Sullivan used excessive force, that claim is due to be dismissed for failure to state a claim. A *de minimis* use of force does not violate the Constitution "provided that the use of force is not of a sort repugnant

to the conscience of mankind." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (per curiam) (citation omitted). For example, "a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id.* at 38 (citation omitted); *see also Burke v. Bowns*, 653 F. App'x 683, 697–98 (11th Cir. 2016) (per curiam); *Smith v. Sec'y, Dep't of Corr.*, 524 F. App'x 511, 513 (11th Cir. 2013) (per curiam). Jackson does not allege that Sullivan slammed the brakes to hurt Jackson. Nor does Jackson allege that he suffered any injuries. Jackson therefore does not state a valid excessive-force claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In short, the Recommendation correctly concluded that Jackson's complaint is due to be dismissed. The Recommendation suggested dismissal with prejudice (Doc. # 4, at 5), but Jackson has asked for leave to amend (Doc. # 5, at 3). A court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). The Recommendation is therefore modified to give Jackson the opportunity to amend his complaint.

It is therefore ORDERED that:

1. The objection to the Recommendation (Doc. # 5) is OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 4) is ADOPTED AS MODIFIED; and

3. This case is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A separate Final Judgment will be entered.

DONE this 2nd day of October, 2018.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE